UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-CV-076-KKC

DAVID E. STANFIELD                                                                                          PLAINTIFF

v.            **MEMORANDUM OPINION AND ORDER**

FRANKLIN COUNTY REGIONAL JAIL, ET AL.                                             DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

David E. Stanfield, an individual incarcerated in the Franklin County Regional Jail, in Frankfort, Kentucky, has submitted a prisoner *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, and a Motion to Proceed *in forma pauperis*, with supporting documentation. The Motion will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In screening, as always for submissions by *pro se* litigants, the complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff complains that the conditions of his confinement in the Franklin County Regional Jail ("FCRJ") violate his rights under the U. S. Constitution, the Defendants purportedly having (1)

interfered with his mail and violated his right of access the courts, which the Court construes as First Amendment claims; (2) been deliberate indifferent to his serious medical needs, an Eighth Amendment claim; (3) punished inmates in violation of the Fifth, Sixth, and Fourteenth Amendments; and (4) discriminated, in violation of the Fourteenth Amendment.

### DEFENDANTS

Plaintiff names as the Defendants, (1) the Franklin County Regional Jail – City of Frankfort; (2) Jailer Billy Roberts, in his official and individual capacities; and (3) Sgt Mazzacone, in his individual capacity. He also indicates his desire to name nurses whose names are currently unknown to him, in their individual capacities.

### RELIEF REQUESTED

The Plaintiff seeks damages and injunctive relief, specifically the Court's ordering the FCRJ to be monitored and sanctioned.

### FACTUAL ALLEGATIONS

The following is a summary or construction of the Plaintiff's factual allegations as handwritten on a commonly used complaint form:

(1) On October 24, 2007, Defendant Mazzacone did not respond to the Plaintiff's note regarding the law library, with the result that Plaintiff missed "a District Court Time Period on a Motion for Reconsideration . . . . This is not the first time and further Head Jailer, Billy Roberts has knowledge but fails to correct this problem."

(2) On October 26, 2007, nurses were deliberately indifferent to his serious medical needs in not being sanitary in handling medications and not taking "blood samples to test my lithimum [sic] level."

(3) Beginning on October 24th and continuing to the present, the following conditions exist at the FCRJ: small and cold portions of food; the infliction of corporal punishment; "punishing innocense inmates with guil[]ty inmates violating the 14th Amendment and Due Process in all punishment" since no hearing is provided and yet prisoners' custody levels are being changed.

In response to the complaint form's inquiry into the would-be prisoner-plaintiff's use of administrative remedies, Stanfield writes, "I received a Jail greivance [sic] form in which I wrote my allegations and complaints. Where I then sent to the front for a informal response." As to the result, the Plaintiff writes "Said non-grievable." He then purportedly filed an appeal, the result of which was "No Answer." Finally, he has indicated that no further steps in the grievance process are available.

## DISCUSSION

Plaintiff has alleged that his Constitutional rights have been and are being violated; and that he has followed the available grievance procedures, with no relief. The named Defendants about whom specific allegations are made, therefore, will be required to answer Stanfield's allegations.

As to naming the Jail a Defendant because it is part of the local government or naming the City of Frankfort, Kentucky, however, Plaintiff is advised that a political subdivision of a city or county is liable under section 1983 only for injuries that result from an official policy or from governmental custom. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690-91 (1978); *Molton v. City of Cleveland,* 839 F.2d 240, 243-44 (6th Cir.1988).

The mandate of *Monell* and its progeny requires (1) that a municipality be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," *Monell,* 436

U.S. at 694, and (2) that there be an "affirmative link between the policy and the particular constitutional violation alleged," *Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985). *See Bennett,* 410 F.3d at 818-19 (6th Cir.2005).

The instant Plaintiff has not referred to any policy or custom so as to properly state a claim for municipal liability under *Monell* and *Tuttle.* Similarly, when a government official is sued in his official capacity, such as the instant Plaintiff's naming Jailer Roberts in his official capacity, the governing body can be held liable only where (1) the allegedly unconstitutional act is a result of an unconstitutional policy officially adopted by the governing body's officers, *Johnson v. Hardin County*, 908 F.2d 1280, 1285 (6th Cir. 1990) (citing *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. at 690-91), or where (2) the local governing body has delegated to the jailer the responsibility of establishing policies to assure that prisoners receive proper care and the unconstitutional act has become the custom in the jail, tolerated by the jailer, *Johnson v. Hardin County*, 908 F.2d at 1285 (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1249-50 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990)).

In short, in a § 1983 action, to establish the liability of a local governmental entity, a plaintiff must establish that the governmental entity "itself is a 'moving force' behind the deprivation [of a federal right]; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *See Ritchie v. Wickstrom*, 938 F.2d 689, 691-92 (6th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. at 165-66). The Plaintiff herein has not pled that a local governing body has adopted an unconstitutional policy which caused him harm, nor has he alleged that Defendant Roberts was delegated the responsibility of establishing policies.

Therefore, the claims against the Jail and/or the City of Frankfort, as well as those against

Jailer Roberts in his official capacity, will be dismissed, without prejudice. With regard to the nurses whom Plaintiff shows an intent to name as additional Defendants, he is advised of the provisions of Federal Rule of Civil Procedure 4(m):

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

*Id.* Plaintiff is on notice that if any John or Jane Doe defendants are not named and served within 120 days, then the claims against said Doe defendants shall be dismissed pursuant to the terms of Rule 4(m).

## CONCLUSION

(1)  The claims against the Defendant Franklin County Regional Jail – City of Frankfort and against Billy Roberts in his official capacity are dismissed, *sua sponte*, without prejudice.

(2)  The Clerk in the divisional office in which the case lies shall prepare and issue summons for Billy Roberts, in his individual capacity; and for Mr. Mazzacone, in his individual capacity.

(3)  The divisional Clerk shall also prepare as many copies of the Complaint as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4)  After the Divisional Clerk's office has prepared the summonses, USM Forms 285,

Complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky.

(5) The Divisional Clerk shall enter the certified mail receipt into the instant record.

(6) The United States Marshal shall serve a summons, Complaint copy, and copy of this Order on each named defendant and shall do so by certified mail, return receipt requested.

(7) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(8) The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9) For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

Dated this 20th day of November, 2007.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**